UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | ) )  CASE NO. 1:18-cv-04670 |
| Plaintiff, | ) )  HONORABLE JOHN ROBERT BLAKEY ) |
| vs. | ) ) |
| JOHN DOE, et al. | ) ) |
| Defendants. | ) ) |

**PLAINTIFF HP TUNERS, LLC'S MOTION TO INITIATE DISCOVERY
PRIOR TO THE RULE 26(f) CONFERENCE**

**INTRODUCTION**

Plaintiffs HP TUNERS, LLC ("HPT") brought this action to bring an end to rampant and nefarious misuse of HPT's copyrighted and proprietary intellectual property. HPT is a market leader in automobile tuning software. Working with automatable manufacturers, HPT spends millions of dollars developing, testing, implementing and servicing products that interface with automotive computers to facilitate tuning and other capabilities. HPT does not cut corners and therefore takes the necessary licenses and permissions. HPT requires the same of its customers.

The Defendants have illegally circumvented HPT protections and violated HPT intellectual property rights by hacking or otherwise providing unprotected versions of HPT products. Because Defendants have done so through email and other aliases, HPT was forced to bring this complaint against the Defendants as "John Does" until such time as their identities are revealed through discovery. HPT therefore brings this motion seeking the Court's permission to begin discovery so it may begin bringing the responsible parties to light.

1

**BACKGROUND**

HPT is a niche business that provides complete, cost effective automotive tuning and data acquisition solutions for enthusiasts and professional shops. HPT's business includes but is not limited to computer hardware and software designed for use in custom and/or pre-programmed engine and transmission tuning and calibration applications for automobiles, trucks and other types of vehicles (including but not limited to ATV's, snowmobiles and watercraft) (the "HPT Business").

HPT has expended significant time, money and resources to develop the HPT Business, and HPT has created methods of business, strategies, programs and technologies which did not exist in the industry prior to HPT's development of the HPT Business. HPT's confidential and proprietary software, source code, license key generator and offerings have been developed and extensively refined by HPT at a substantial cost and effort and constitute confidential information and valuable trade secrets of HPT.

As a core function of its business, HPT sells Interfaces which connect to the onboard computer of a vehicle. HPT also sells "credits," which are the license mechanism used by customers to tune vehicles. HPT distributes these credits via "application keys" that are compatible with the HPT Interfaces. Only HPT is authorized to generate application keys for use with HPT's products. HPT's innovation and confidential information is protected by a host of United States' laws.

In this action, among other relief, HPT seeks relief as a result of Defendants' misconduct relating to the generation of fraudulent application keys and the distribution of "cracked" software that allows users to bypass all licensing checks and prompts, thus enabling HPT's users to use the software on any vehicle they wish without paying any licensing fees to HPT.

2

Defendants proceed anonymously through email and other aliases, requiring HPT to bring this suit against the entities as John Does. HPT alleges, among other claims, violation of the Digital Millennium Copyright Act ("DMCA"), Computer Fraud and Abuse Act ("CFAA"), and Defend Trade Secret Act ("DTSA"). (Dkt. 5). The only way to determine the identity of the Defendants is through the discovery process, namely subpoenas to email service providers or internet service providers (ISPs). HPT therefore brings this motion to initiate discovery.

## ARGUMENT

Early discovery is equitable and necessary in this case as it is the only way to determine the identity of the Defendants so this action may proceed on the merits. Defendants anonymously misappropriated HPT's trade secrets and proprietary information by hacking HPT's software and/or hardware devices to generate, create, use, or sell fraudulent application keys that were not purchased from HPT. HPT seeks this Court's assistance in holding those responsible accountable and the first step in that process is identifying the Defendants. Thus, while such discovery would typically begin after the Rule 26(f) conference,[1] HPT seeks to begin those efforts now.

This Court may order such discovery to proceed without delay "[f]or good cause" and does so regularly. *See* Fed.R.Civ.P. 26(b); *see also, e.g., Countryman Nevada, LLC v. Does 1-46*, No. 14-cv-1381, 2014 WL 4947587 (N.D. Ill. Sept. 30, 2014); *SITE B v. Does 1-51*, No. 13-cv-5295, 2014 WL 902688 (N.D. Ill. Mar. 7, 2014); *TCYK, LLC v. Does 1-44*, No. 13-cv-3825, 2014 WL 656786 (N.D. Ill. Feb. 20, 2014); *Bicycle Peddler, LLC v. Does 1-99*, No. 13-cv-2375, 2013 WL 4080196 (N.D. Ill. Aug. 13, 2013); *reFX Audio Software, Inc. v. Does 1-111*, No. 13-cv-1795, 2013 WL 3867656 (N.D. Ill. July 23, 2013); *Pacific Century Int'l v. Does 1-25*, No. 12-cv-1535 (N.D. Ill. June 28, 2012). "Courts evaluate a motion for expedited discovery on the

---

[1] *See* Fed.R.Civ.P. 26(d)(1) and MIDPP at 1, § A(1).

3

entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *TCYK, LLC v. Does 1-87*, 2013 U.S. Dist. LEXIS 95817, 2013 WL 3465186, at *2. These factors weigh in favor of granting HPT's motion.

*First,* the entirety of the record demonstrates the good faith nature of HPT's conduct and request. HPT sets forth detailed bases supporting each of its six claims that the Defendants have violated the law. For instance, HPT alleges that Defendants violated the DMCA by circumventing HPT's technological safeguards in violation of 17 U.S.C. §1201. Similarly, in Count II, HPT claims that Defendants removed licensing restrictions from HPT's software in violation of the CFAA, 18 U.S.C. §1030. HPT, in fact, has reviewed Defendants conduct in detail and has been unsuccessful in its effort to stop Defendants' illegal conduct. HPT thus has gone through substantial effort to investigate these violations, hire counsel to assess these acts under the law and bring forth proper and valid claims against the Defendants.

*Second*, HPT's request is reasonable in light of the circumstances. HPT does not seek full blown discovery or broad subject matter coverage. Rather, HPT seeks only that discovery necessary to determine the identities of the Defendants. This discovery is necessary to these proceedings as a whole as the Defendants as individuals must be added so they may present any defenses and address this case on the merits. This Court has found such discovery to be reasonable. *See, .e.g., TCYK, LLC v. Does 1-87*, 2013 U.S. Dist. LEXIS 95817, 2013 WL 3465186, at *2 ("Good cause exists here because the plaintiff is unable to proceed without expedited discovery because it has no other way of identifying the defendants.").

*Third*, HPT's only way to determine the identity of the Defendants is through the discovery process. Defendants have acted anonymously through email and other aliases such that HPT cannot identify them through these actions. Therefore, HPT specifically seeks to serve subpoenas to third-party email service providers or internet service providers (ISPs) to identify the Defendants. Without this initial third-party discovery, HPT will continue to be unable to identify the Defendants.

Accordingly, the court should grant this Motion to permit HPT to begin discovery for the purpose of seeking the identities of the Defendants.

## CONCLUSION

For these reasons, HPT respectfully requests that the Court grant this Motion to Initiate Discovery Prior to the Rule 26(f) Conference. HPT requests that the Court permit it to serve subpoenas to third-party email service providers or internet service providers (ISPs) so that the email service providers and ISPs can disclose the names and contact information of the Doe Defendants. HPT also requests that the Court enter an order that the email service providers and ISPs shall comply with the subpoenas. Without the information sought in these subpoenas, HPT will be unable to identify the Defendants.

Dated this 10th day of August, 2018

RESPECTFULLY SUBMITTED,

**HP TUNERS, LLC**

By: */s/ Trevor J. Illes*
    Kal K. Shah
    Trevor J. Illes
    BENESCH, FRIEDLANDER, COPLAN
      & ARONOFF
    333 West Wacker Drive, Suite 2900
    Chicago, IL 60606
    P: 312.212.4949
    F: 312.767.9192
    kshah@beneschlaw.com
    tilles@beneschlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2018, a copy of the foregoing *Motion to Initiate Discovery Prior to the Rule 26(f) Conference* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Trevor J. Illes*
Trevor J. Illes
*Attorney for Plaintiff HP Tuners, LLC*