UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HP TUNERS, LLC, | ) | |
| | ) | CASE NO. 1:18-cv-04670 |
| Plaintiff, | ) | |
| | ) | HONORABLE JOHN ROBERT BLAKEY |
| vs. | ) | |
| | ) | |
| DEVIN JOHNSON, JASON SINGLETON, | ) | |
| VENGEANCE PCM LLC d/b/a VENGEANCE | ) | |
| RACING, LPE ASSETS, LLC and JOHN DOES | ) | |
| etc. et al., | ) | |
| | ) | |
| Defendants. | | |

**PLAINTIFF HP TUNERS, LLC'S SUPPLEMENTAL MOTION TO
AUTHORIZE DISCLOSURE BY COMCAST CORPORATION**

NOW COMES Plaintiff, HP TUNERS, LLC ("HPT") by and through one of its attorneys, Lowell D. Jacobson, of Benesch, Friedlander, Coplan & Aronoff, LLP, and in support of its Supplemental Motion to Authorize Disclosure By Comcast Corporation ("Comcast"), states as follows:

HPT brought this action to end misuse of HPT's copyrighted and proprietary intellectual property. HPT is a market leader in automobile tuning software. HPT spends millions of dollars developing, testing, implementing and servicing products that interface with automotive computers to facilitate tuning and other capabilities. HPT takes the necessary licenses and permissions and requires the same of its customers.

 Defendants Devin Johnson, Jason Singleton, Vengeance PCM LLC d/b/a Vengeance Racing and LPE Assets LLC the ("named defendants") and remaining unknown John Doe defendants ("John Does") in this action have illegally circumvented HPT's protections and

violated HPT's intellectual property rights by hacking or otherwise providing unprotected versions of HPT's products through email and other aliases.

HPT obtained an Order from this Court to begin discovery prior to the Rule 26(f) conference, in order to identify the John Does by issuing Subpoenas to various websites and cable service providers related to Internet Protocol ("IP") addresses. [Dkt. 12]. Since then, HPT has issued Subpoenas to various websites and cable service providers related to the Internet Protocal ("IP") addresses of the John Does. Specifically, HPT seeks documents and information that Comcast, one of those cable service providers, maintains related to an additional IP address, as to the identity of such John Does.

HPT filed its initial Motion to Authorize Disclosure by Comcast Corporation on November 2, 2018 [Dkt. 21], attached hereto as **Exhibit A**. Said Motion to Authorize Disclosure by Comcast was denied as moot and an oral motion to compel compliance of Subpoena was granted on November 7, 2018 [Dkt. 23].

HPT now requests that the Court enter an order authorizing the disclosure by Comcast Corporation ("Comcast") of the information sought in HPT's supplemental Subpoena to Produce Documents, Information, or Objects to Comcast (the "supplemental Comcast Subpoena") dated August 1, 2019, attached as **Exhibit B**.) Good cause exists for HPT to conduct this discovery from Comcast because the IP address administered by Comcast is directly at issue in this case. There is also substantial risk that the data associated with the IP addresses will be destroyed or deleted. Further, the named defendants' and John Does' due process rights will not be impacted as Comcast is required to provide its subscriber(s) with notice of HPT's Subpoena, and its subscriber(s) will have an opportunity to object by filing a motion to quash in this Court if they

choose to do so. Accordingly, HPT requests that the Court issue an order authorizing Comcast to disclose identifying information as requested in HPT's supplemental Subpoena to Comcast.

## BACKGROUND AND FACTS

HPT is a niche business that provides complete, cost effective automotive tuning and data acquisition solutions for enthusiasts and professional shops. HPT's business includes but is not limited to computer hardware and software designed for use in custom and/or pre-programmed engine and transmission tuning and calibration applications for automobiles, trucks and other types of vehicles (the "HPT Business").

HPT has expended significant time, money and resources to develop the HPT Business. HPT's confidential and proprietary software, source code, license key generator and offerings have been developed and extensively refined by HPT at a substantial cost and effort and constitute confidential information and valuable trade secrets of HPT.

As a core function of its business, HPT sells Interfaces which connect to the onboard computer of a vehicle. HPT also sells "credits," which are the license mechanism used by customers to tune vehicles. HPT distributes these credits via "application keys" that are compatible with the HPT Interfaces. Only HPT is authorized to generate application keys for use with HPT's products. HPT's innovation and confidential information are protected by a host of United States' laws.

In this action, among other relief, HPT seeks relief as a result of the John Does' misconduct relating to the generation of fraudulent application keys and the distribution of "cracked" software that allows users to bypass all licensing checks and prompts, thus improperly and illegally enabling use of HPT's software without paying any licensing fees. The named

defendants and John Does proceed anonymously through email and other aliases, requiring HPT to bring this suit against the entities as John Does. HPT alleges, among other claims, violation of the Digital Millennium Copyright Act ("DMCA"), Computer Fraud and Abuse Act ("CFAA"), and Defend Trade Secret Act ("DTSA"). [Dkt. 5]. The only way to determine the identity of the John Does is through Subpoenas to email and cable service providers or internet service providers (ISPs).

The supplemental Comcast Subpoena includes requests for documents demonstrating the identity and personal information of the individual or entity affiliated with a specific IP addresses. Comcast responded to the supplemental Comcast Subpoena in written correspondence stating it is prohibited from disclosing the information sought in the Comcast Subpoena, pursuant to 47 U.S.C. § 551, without a court order authorizing disclosure under the requirements of 47 U.S.C. § 551(c)(2)(B). As a result, HPT moves the Court for such an order.

## ARGUMENT

This Court granted HPT's motion to initiate discovery prior to a Rule 26(f) conference [Dkt. 10, 12]. HPT then commenced discovery as outlined in that motion.

On November 2, 2018 HPT filed its Motion to Authorize Disclosure by Comcast Corporation [Dkt. 21]. On November 7, 2018 this Court granted HPT's oral motion to compel defendants' compliance to Subpoena issued on September 18, 2018. [Dkt. 23].

HPT now seeks this Court's order to authorize Comcast to produce the information HPT described in its supplemental Comcast Subpoena dated August 1, 2019.

The named defendants and John Does anonymously misappropriated HPT's trade secrets and proprietary information, violated HPT's copyrights, and otherwise infringed upon HPT's rights by hacking HPT's software and/or hardware devices to generate, create, use, or sell

fraudulent application keys that were not purchased from HPT. HPT seeks this Court's assistance in holding those responsible accountable. To do so, HPT must identify the John Does.

Comcast cites to 47 U.S.C. § 551(c)(1), which states in pertinent part: "a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber." However, a cable operator "may disclose such information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B). HPT seeks a court order authorizing this disclosure by Comcast.

Courts have applied a "good faith" standard to determine whether to grant a motion to authorize disclosure under 47 U.S.C. § 551(c)(2)(B). *See Doe v. Cahill*, 884 A.2d 451 (Del. 2005). Disclosure is generally authorized upon a showing that: "(1) [the plaintiff] had a legitimate, good faith basis upon which to bring the underlying claim; (2) that the identifying information sought was directly and materially related to their claim; and (3) that the information could not be obtained from any other source." *Indep. Newspapers, Inc. v. Brodie*, 407 Md. 415, 444 (Md. 2009) (quoting *Doe*, 884 A.2d at 455). These factors weigh in favor of authorizing Comcast to disclose the requested information.

*First,* the entirety of the record demonstrates the good faith nature of HPT's conduct and request. In its Fourth Amended Complaint, HPT sets forth detailed bases supporting each of its claims that the named defendants and John Does have violated the law. [Dkt. 42]. For example, HPT alleges that the named defendants and John Does violated the DMCA by circumventing HPT's technological safeguards in violation of 17 U.S.C. §1201. In Count II, HPT claims that defendants, including at least Johnson, John Doe 2, John Doe 4, LPE, Vengeance, and Singleton removed licensing restrictions from HPT's software in violation of the CFAA, 18 U.S.C. §1030. The detailed allegations establish that HPT has a "legitimate, good faith basis on which to bring [its] underlying claims." *Indep. Newspapers*, 407 Md. at 444 (quoting *Doe*, 884 A.2d at 455).

5

*Second*, HPT's request is reasonable in that the document requests in the Comcast Subpoena seek identifying information that is directly and materially related to its claims. HPT does not seek full blown discovery or broad subject matter coverage in the supplemental Comcast Subpoena. Rather, HPT seeks only the documents and information necessary to determine the identifying information related to the IP address listed in its supplemental Comcast Subpoena. This discovery is necessary to these proceedings to identify the John Does as individuals so they may present any defenses and address this case on the merits.

*Third*, HPT's only way to determine the identity of the John Does is through the discovery process via Subpoenas such as the supplemental Comcast Subpoena. The named defendants and John Does have acted anonymously through email and other aliases such that HPT cannot independently identify them. Therefore, HPT specifically has served Subpoenas to Comcast and other third-party email service providers or internet service providers for the sole purpose of identifying the John Does. Without this responses to the supplemental Comcast Subpoena (and other Subpoenas issued in connection with this initial discovery), HPT will continue to be unable to identify the John Does and will not be able to prosecute its claims in this action.

Accordingly, there is good cause for an order authorizing Comcast to disclose the additional subscriber information sought in the supplemental Comcast Subpoena dated August 1, 2019, and such relief is in the interest of justice.

## CONCLUSION

For these reasons, HPT respectfully requests that the Court grant this supplemental Motion to authorize additional disclosure by Comcast. HPT requests that the Court enter an Order authorizing Comcast to disclose the documents and information requested in the supplemental Comcast Subpoena dated August 1, 2019

HPT submits with this supplemental Motion a Proposed Order.

Dated this 30th day of August, 2019

**HP TUNERS, LLC**

6

By:  */s/ Lowell D. Jacobson*
Kal K. Shah
Lowell D. Jacobson
Trevor Illes
BENESCH, FRIEDLANDER, COPLAN
  & ARONOFF
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
P:  312.624-6360
F:  312.767.9192
kshah@beneschlaw.com
ljacobson@beneschlaw.com
tilles@beneschlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2019, a copy of the foregoing **Supplemental Motion to Authorize Disclosure by Comcast** was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.  I also hereby certify that a copy of the foregoing document was served, as follows:

Comcast Legal Response Center
650 Centerton Road
Moorestown, NJ 08057
Fax: 866-947-5587
*Via Facsimile and U.S. Mail*

Joseph C. "Tripp" Peake, III
Shires Peake & Gottlieb, LLC
284 N. Main Street
Alpharetta, Georgia 30009
jpeake@spgattoneys.com
*Via Email and U.S. Mail*

Jason Singleton
3116 Davis Avenue
Granite City, IL 62040
*Via U.S. Mail*

Devin Johnson
348 S. 43rd Street
Springfield, Oregon 97478
*Via U.S. Mail*

*/s/ Lowell D. Jacobson*
*One of the Attorneys for Plaintiff HP Tuners, LLC*

# Exhibit "A"

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HP TUNERS, LLC, | ) | |
| | ) | CASE NO. 1:18-cv-04670 |
| Plaintiff, | ) | |
| | ) | HONORABLE JOHN ROBERT BLAKEY |
| vs. | ) | |
| | ) | |
| JOHN DOE, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## PLAINTIFF HP TUNERS, LLC'S MOTION TO
## AUTHORIZE DISCLOSURE BY COMCAST CORPORATION

### INTRODUCTION

Plaintiff HP TUNERS, LLC ("HPT") brought this action to end misuse of HPT's copyrighted and proprietary intellectual property. HPT is a market leader in automobile tuning software. HPT spends millions of dollars developing, testing, implementing and servicing products that interface with automotive computers to facilitate tuning and other capabilities. HPT takes the necessary licenses and permissions and requires the same of its customers.

The unknown John Doe defendants in this action have illegally circumvented HPT's protections and violated HPT intellectual property rights by hacking or otherwise providing unprotected versions of HPT products. The John Doe defendants have done so through email and other aliases, and HPT has been unable to identify them without third-party discovery. Thus, after filing its Complaint, HPT obtained an order from this Court to begin discovery to identify the John Doe defendants. (Dkt. 12). Since then, HPT has issued subpoenas to various websites and cable service providers related to the Internet Protocol ("IP") addresses of the John Doe

defendants.  Specifically, HPT seeks documents and information that the cable service providers maintain related to IP addresses as to the identity of the John Doe defendants.

HPT now requests that the Court enter an order authorizing the disclosure by Comcast Corporation ("Comcast") of the information sought in HPT's subpoena to Comcast. Good cause exists for HPT to conduct this discovery from Comcast because the IP addresses administered by Comcast are directly at issue in this case.  There is also substantial risk that the data associated with the IP addresses will be destroyed or deleted.  Further, the John Doe defendants' due process rights will not be impacted as Comcast is required to provide its subscriber(s) with notice of HPT's subpoena, and its subscriber(s) will have an opportunity to object by filing a motion to quash in this Court if they choose to do so. Accordingly, HPT requests that the Court issue an order authorizing Comcast to disclose identifying information as requested in HPT's subpoena.

## BACKGROUND AND FACTS

HPT is a niche business that provides complete, cost effective automotive tuning and data acquisition solutions for enthusiasts and professional shops.  HPT's business includes but is not limited to computer hardware and software designed for use in custom and/or pre-programmed engine and transmission tuning and calibration applications for automobiles, trucks and other types of vehicles (the "HPT Business").

HPT has expended significant time, money and resources to develop the HPT Business. HPT's confidential and proprietary software, source code, license key generator and offerings have been developed and extensively refined by HPT at a substantial cost and effort and constitute confidential information and valuable trade secrets of HPT.

As a core function of its business, HPT sells Interfaces which connect to the onboard computer of a vehicle.  HPT also sells "credits," which are the license mechanism used by

2

customers to tune vehicles. HPT distributes these credits via "application keys" that are compatible with the HPT Interfaces. Only HPT is authorized to generate application keys for use with HPT's products. HPT's innovation and confidential information are protected by a host of United States' laws.

In this action, among other relief, HPT seeks relief as a result of the John Doe defendants' misconduct relating to the generation of fraudulent application keys and the distribution of "cracked" software that allows users to bypass all licensing checks and prompts, thus improperly and illegally enabling use of HPT's software without paying any licensing fees. The John Doe defendants proceed anonymously through email and other aliases, requiring HPT to bring this suit against the entities as John Does. HPT alleges, among other claims, violation of the Digital Millennium Copyright Act ("DMCA"), Computer Fraud and Abuse Act ("CFAA"), and Defend Trade Secret Act ("DTSA"). (Dkt. 5). The only way to determine the identity of the John Doe defendants is through subpoenas to email and cable service providers or internet service providers (ISPs).

HPT served a Subpoena to Produce Documents, Information, or Objects to Comcast (the "Comcast Subpoena") in September. The Comcast Subpoena includes requests for documents demonstrating the identity and personal information of the individual or entity affiliated with four specific IP addresses. (A copy of the Comcast Subpoena is attached as **Exhibit A**.) Comcast responded to the Comcast Subpoena in written correspondence stating it is prohibited from disclosing the information sought in the Comcast Subpoena, pursuant to 47 U.S.C. § 551, without a court order authorizing disclosure under the requirements of 47 U.S.C. § 551(c)(2)(B). As a result, HPT moves the Court for such an order.

## ARGUMENT

This Court granted HPT's prior motion to initiate discovery prior to a Rule 26(f) conference. (Dkt. 10, 12). HPT then commenced discovery as outlined in that motion. HPT now seeks this Court's order to authorize Comcast to produce the information HPT described in that motion. The John Doe defendants anonymously misappropriated HPT's trade secrets and proprietary information by hacking HPT's software and/or hardware devices to generate, create, use, or sell fraudulent application keys that were not purchased from HPT. HPT seeks this Court's assistance in holding those responsible accountable. To do so, HPT must identify the John Doe defendants.

Comcast cites to 47 U.S.C. § 551(c)(1), which states in pertinent part: "a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber." However, a cable operator "may disclose such information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B). HPT seeks a court order authorizing this disclosure by Comcast.

Courts have applied a "good faith" standard to determine whether to grant a motion to authorize disclosure under 47 U.S.C. § 551(c)(2)(B). *See Doe v. Cahill*, 884 A.2d 451 (Del. 2005). Disclosure is generally authorized upon a showing that: "(1) [the plaintiff] had a legitimate, good faith basis upon which to bring the underlying claim; (2) that the identifying information sought was directly and materially related to their claim; and (3) that the information could not be obtained from any other source." *Indep. Newspapers, Inc. v. Brodie*, 407 Md. 415, 444 (Md. 2009) (quoting *Doe*, 884 A.2d at 455). These factors weigh in favor of authorizing Comcast to disclose the requested information.

4

*First,* the entirety of the record demonstrates the good faith nature of HPT's conduct and request. In its Complaint, HPT sets forth detailed bases supporting each of its six claims that the John Doe defendants have violated the law. (Dkt. 5). For example, HPT alleges that the John Doe defendants violated the DMCA by circumventing HPT's technological safeguards in violation of 17 U.S.C. §1201. In Count II, HPT claims that the John Doe defendants removed licensing restrictions from HPT's software in violation of the CFAA, 18 U.S.C. §1030. HPT, in fact, has reviewed the John Doe defendants' conduct in detail and has been unsuccessful in its effort to stop their illegal conduct. HPT thus has gone through substantial effort to investigate these violations, hire counsel to assess these acts under the law, and bring forth proper and valid claims against the John Doe defendants. The detailed allegations establish that HPT has a "legitimate, good faith basis on which to bring [its] underlying claims." *Indep. Newspapers*, 407 Md. at 444 (quoting *Doe*, 884 A.2d at 455).

*Second,* HPT's request is reasonable in that the document requests in the Comcast Subpoena seek identifying information that is directly and materially related to its claims. HPT does not seek full blown discovery or broad subject matter coverage in the Comcast Subpoena. Rather, HPT seeks only the documents and information necessary to determine the identifying information related to the four IP addresses. This discovery is necessary to these proceedings to identify the John Doe defendants as individuals so they may present any defenses and address this case on the merits.

*Third*, HPT's only way to determine the identity of the John Doe defendants is through the discovery process via subpoenas such as the Comcast Subpoena. The John Doe defendants have acted anonymously through email and other aliases such that HPT cannot independently identify them. Therefore, HPT specifically has served subpoenas to Comcast and other third-party email service providers or internet service providers for the sole purpose of identifying the John Doe defendants. Without this responses to the Comcast Subpoena (and other subpoenas issued in connection with this initial discovery), HPT will continue to be unable to identify the Defendants and will not be able to prosecute its claims in this action.

5

Accordingly, there is good cause for an order authorizing Comcast to disclose the information sought in the Comcast Subpoena and such relief is in the interest of justice.

## CONCLUSION

For these reasons, HPT respectfully requests that the Court grant this Motion to authorize disclosure by Comcast. HPT requests that the Court permit Comcast to disclose the documents and information requested in the Comcast Subpoena.

HPT submits with this Motion a Proposed Order.

Dated this 2nd day of November, 2018       RESPECTFULLY SUBMITTED,

**HP TUNERS, LLC**

By: *s/ Kal Shah*
    Kal K. Shah
    Trevor J. Illes
    BENESCH, FRIEDLANDER, COPLAN
      & ARONOFF
    333 West Wacker Drive, Suite 2900
    Chicago, IL 60606
    P: 312.212.4949
    F: 312.767.9192
    kshah@beneschlaw.com
    tilles@beneschlaw.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2018, a copy of the foregoing *Motion to Authorize Disclosure by Comcast* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. I also hereby certify that a copy of the foregoing Motion was sent by fax and ordinary mail to:

Comcast Legal Response Center
650 Centerton Road
Moorestown, NJ 08057
Fax: 866-947-5587

*s/ Kal Shah*
Kal K. Shah
*Attorney for Plaintiff HP Tuners, LLC*

7

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| HP Tuners, LLC | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 1:18-cv-04670 |
| | ) | |
| John Doe, et al., | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Comcast Corporation, Attn: Custodian of Records, Legal Response Center (Fax: 866-947-5587)
650 Centerton Road, Moorestown, NJ 08057

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached. The documents requested may be produced in electronic format to Kal K. Shah, kshah@beneschlaw.com

| Place: Benesch, Friedlander, Coplan & Aronoff LLP<br>333 W. Wacker Drive, Suite 1900<br>Chicago, IL 60606 | Date and Time:<br><br>10/24/2018 10:00 am |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/18/2018

<table>
<tr><td align="center"><i>CLERK OF COURT</i></td><td></td><td align="center"></td></tr>
<tr><td></td><td align="center">OR</td><td align="center">s/Kal K. Shah</td></tr>
<tr><td align="center"><i>Signature of Clerk or Deputy Clerk</i></td><td></td><td align="center"><i>Attorney's signature</i></td></tr>
</table>

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    Plaintiff
HP Tuners, LLC            , who issues or requests this subpoena, are:
Kal K. Shah, kshah@beneschlaw.com,312-212-4949,Benesch,Friedlander,333 W.Wacker Dr.Ste1900,Chicago,IL60606

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-cv-04670

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                    *Server's signature*

                                    _____
                                                    *Printed name and title*

                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## Documents to be Produced

1.      All documents involving the IP address 24.18.175.191 ("IP 24.18.175.191") that refer,

relate, or pertain to the following as of the access time 06/08/2018 at 04:24:

      a.      the identity of the IP 24.18.175.191;
      b.      the address of the IP 24.18.175.191;
      c.      the email address of the IP 24.18.175.191;
      d.      the login details of the IP 24.18.175.191;
      e.      the billing information of the IP 24.18.175.191;
      f.      the opening of any or all of the IP 24.18.175.191 Comcast account(s).

2.      All documents demonstrating the identity and corresponding personal information of the

individual or entity affiliated with IP 24.18.175.191.

3.      All documents involving the IP address 50.77.202.165 ("IP 50.77.202.165") that refer,

relate, or pertain to the following as of the access time 06/11/2018 at 17:45:

      a.      the identity of the IP 50.77.202.165;
      b.      the address of the IP 50.77.202.165;
      c.      the email address of the IP 50.77.202.165;
      d.      the login details of the IP 50.77.202.165;
      e.      the billing information of the IP 50.77.202.165;
      f.      the opening of any or all of the IP 50.77.202.165 Comcast account(s).

4.      All documents demonstrating the identity and corresponding personal information of the

individual or entity affiliated with IP 50.77.202.165.

5.      All documents involving the IP address 73.43.86.63 ("IP 73.43.86.63") that refer, relate,

or pertain to the following as of the access time 05/24/2018 at 18:47:

      a.      the identity of the IP 73.43.86.63;
      b.      the address of the IP 73.43.86.63;
      c.      the email address of the IP 73.43.86.63;

      d.      the login details of the IP 73.43.86.63;
      e.      the billing information of the IP 73.43.86.63;
      f.      the opening of any or all of the IP 73.43.86.63 Comcast account(s).

6.      All documents demonstrating the identity and corresponding personal information of the individual or entity affiliated with IP 73.43.86.63.

7.      All documents involving the IP address 68.49.45.186 ("IP 68.49.45.186") that refer, relate, or pertain to the following as of the access time 12/31/2017 at 20:40:

      a.      the identity of the IP 68.49.45.186;
      b.      the address of the IP 68.49.45.186;
      c.      the email address of the IP 68.49.45.186;
      d.      the login details of the IP 68.49.45.186;
      e.      the billing information of the IP 68.49.45.186;
      f.      the opening of any or all of the IP 68.49.45.186 Comcast account(s).

8.      All documents demonstrating the identity and corresponding personal information of the individual or entity affiliated with IP 68.49.45.186.

11363081 v1

# Exhibit "B"

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

_____ District of _____

| | | |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

SUPPLEMENTAL
## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

### Documents to be Produced

1.      All documents involving IP address 75.68.35.107 ("IP 75.68.35.107") that refer,

relate or pertain to the following as of the access time 07/21/2019 at 16:01:

      a.      the identity of the IP 75.68.35.107;
      b.      the address of the IP 75.68.35.107;
      c.      the email address of the IP 75.68.35.107;
      d.      the login details of the IP 75.68.35.107;
      e.      the billing information of the IP 75.68.35.107;
      f.      the opening of any or all of the IP 75.68.35.107 Comcast account(s).

2.      All documents demonstrating the identity and corresponding personal information of

the individual or entity affiliated with IP 75.68.35.107.