UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, ) ) ) | |
| *Plaintiff,* ) | Civil Action No. 1:18-cv-04670 |
| ) | |
| vs. ) | Hon. Steven C. Seeger |
| ) | |
| DEVIN JOHNSON, et al, ) | Magistrate Judge M. David Weisman |
| ) | |
| *Defendants.* ) | |

**INITIAL STATUS REPORT FOR REASSIGNED CASE**

I. **Nature of the Case**

    *A.    Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.*

*Counsel for Plaintiff HP Tuners:*

    Kal K. Shah (lead trial attorney)
    Lowell D. Jacobson
    Trevor Illes
    BENESCH FRIEDLANDER COPLAN &ARONOFF, LLP
    71 S. Wacker Drive, Suite 1600
    Chicago, Illinois 60606
    P: 312.212.4949
    F: 312.767.9192
    kshah@beneschlaw.com
    ljacobson@beneschlaw.com
    tilles@beneschlaw.com

    Andrew P. Bleiman
    MARKS & KLEIN
    1363 Shermer Road, Suite 318
    Northbrook, Illinois 60062
    P: 312.206.5162
    andrew@marksklein.com

Only *counsel for defendant LPE Assets* has appeared in this case:

> Michael J. Grant (local counsel)
> Tabet DiVito & Rothstein LLC
> 209 S. LaSalle St. Ste. 700
> Chicago, IL 60604
> P: 312.762.9450

**B.     State the basis for federal jurisdiction.**

Federal Question Jurisdiction pursuant to 28 U.S.C. § 1338.

**C.     Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

Plaintiff HPT has asserted claims for (i) violation of the Digital Millennium Copyright Act ("DMCA") under 17 U.S.C. §1201(a)(1)(A); (ii) violation of the Computer Fraud and Abuse Act ("CFAA") arising under 18 U.S.C. §1030; (iii) violation of the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.*; (iv) unfair competition under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*; (v) breach of contract; and (vi) tortious interference with prospective economic relations for conduct arising out of Defendants' breach of HPT's EULA and dissemination of "cracked" versions of HPT's valuable and proprietary software, "cracked" licenses for same, and software to generate such "cracked" licenses.

No defendant has yet filed an answer.

**D.     Describe the relief sought by the plaintiff(s).  Quantify the damages, if any. (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).**

Plaintiff seeks at least statutory damages for each instance of copyright infringement; third party discovery and plaintiff's own investigation are ongoing to ascertain, among other things, the extent and number of instances of the infringement.  While Plaintiff anticipates that its damages will be the subject of expert testimony, it estimates that such damages would easily run into the hundreds of thousands to millions of dollars.

Plaintiff also seeks its attorney's fees against any defendant with whom it has not settled.

Plaintiff also seeks injunctive and declaratory relief against all remaining defendants.

**E.     List the names of any parties who have not yet been served.**

N/A — all named parties have been served.

## II. Discovery and Pending Motions

**A.** *Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any. Have any of the pending motions been mooted? Do any of the pending motions no longer require a ruling for any other reason?*

The only pending motion is an unopposed motion for extension of time for defendants LPE Assets, LLC and Jason Singleton to respond to the Complaint until October 28, 2019, as settlement negotiations progress (Dkt. 83). It was filed on Monday, September 16, 2019.

**B.** *Is this case in the "Mandatory Initial Discovery Pilot" (MIDP) Project?*

Yes.

**C.** *What is the current discovery schedule?*

None set. This case is still on the pleadings.

**D.** *Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery, and state whether discovery has been bifurcated.*

Defendant HPT has taken limited third party discovery of various internet service providers to help ascertain the identities of the John Does who conducted the actions at issue.

*Describe any discovery that the parties still need to complete. Do the parties anticipate that they will complete discovery by the current deadline?*

All party discovery still needs to be completed. No deadline is currently set.

**E.** *Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)*

Defendant Devin Johnson has been found in default for failure to answer or otherwise respond to the Complaint. Judge Blakey indicated that he was open to a motion for default judgment regarding defaulted Defendant Johnson when Plaintiff was ready to submit one.

**F.** *Briefly describe any anticipated motions.*

Plaintiff anticipates moving for entry of default judgment against defaulted Defendant Johnson.

## III. Trial

**A.** *Have any of the parties demanded a jury trial?*

Yes, Plaintiff has demanded a jury trial. No Defendant has answered.

3

  ***B. What is the trial date (if any)? If there is no trial date, when will the parties be ready for trial?***

  N/A. It depends on the status of discovery, including third party discovery, as well as the on-going settlement negotiations with the non-defaulted defendants, but Plaintiff HPT believes that this case will settle with all non-defaulting defendants prior to trial.

  ***C. Have the parties filed a final pretrial order? If so, when? If not, when is the deadline for the filing?***

  N/A.

  ***D. Estimate the length of trial.***

  If a trial is necessary, HPT believes that three days will likely be sufficient.

 **IV. Settlement, Referrals, and Consent**

  ***A. Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)***

  HPT has recently settled with Defendant Vengeance Racing, which it voluntarily dismissed with prejudice. (Dkt. 82)

  HPT's settlement negotiations are proceeding well with Defendant LPE Assets, and HPT believes that actual settlement is imminent. HPT presently seeks an extension of LPE's time to respond to the Fourth Amended Complaint so that settlement may be finalized.

  HPT's settlement negotiations with Defendant Jason Singleton are in progress. HPT has not made a written demand to Defendant Singleton, but instead have had multiple general oral discussions.

  Defendant Devin Johnson is in default and no settlement negotiations are currently active with him.

  ***B. Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?***

  This case has not been referred to the Magistrate Judge for discovery supervision; Judge Blakey had handled HPT's motions for third party discovery and associated motions to compel. Hon. Mag. J. Weisman had been assigned to this case.

  ***C. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?***

  No.

   **D.**  *Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment?*

  Yes.

  *Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.*

  No.

**V.**  **Other**

   **A.**  *Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)*

  HPT is optimistic that it will settle with the remaining non-defaulted defendants prior to getting into dispositive motion practice and that extensive party discovery will not be required in this case.

   **B.**  *Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)*

  [*Counsel for LPE Assets has declined to add anything here*]

Dated this 1st day of October, 2019   RESPECTFULLY SUBMITTED,
                **HP TUNERS, LLC**


                By: */s/ Lowell D. Jacobson*
                  Kal K. Shah
                  Lowell D. Jacobson
                  Trevor J. Illes
                  BENESCH FRIEDLANDER COPLAN &
                   ARONOFF, LLP
                  71 S. Wacker Drive, Suite 1600
                  Chicago, Illinois 60606
                  P: 312.212.4949
                  F: 312.767.9192
                  kshah@beneschlaw.com
                  ljacobson@beneschlaw.com
                  tilles@beneschlaw.com

                  Andrew P. Bleiman
                  MARKS & KLEIN
                  1363 Shermer Road, Suite 318
                  Northbrook, Illinois 60062

                P: 312.206.5162
                andrew@marksklein.com

*Attorneys for HP Tuners, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2019, a copy of *Initial Status Report for Reassigned Case* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system.

The foregoing document will be served on the following parties via U.S. Mail:

Devin Johnson
348 S. 43rd Street
Springfield, Oregon 97478

Jason Singleton
3116 Davis Avenue
Granite City, IL 62040

/s/ Lowell D. Jacobson