**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | ) ) ) | |
| *Plaintiff,* | ) ) | Civil Action No. 1:18-cv-04670 |
| vs. | ) ) | Hon. Steven C. Seeger |
| DEVIN JOHNSON, et al, | ) ) | Magistrate Judge M. David Weisman |
| *Defendants.* | ) ) | |

**MOTION FOR DEFAULT JUDGMENT OF PLAINTIFF,
HP TUNERS, LLC, AGAINST DEFENDANT DEVIN JOHNSON**

Pursuant to Federal Rule 55(b)(2) Plaintiff, HP Tuners, LLC ("HPT"), respectfully requests that the Court enter default judgment in favor of HPT and against Defendant, Devin Johnson ("Defendant"). The other non-Doe defendants have been dismissed from this case by HPT pursuant to settlement. Therefore, as default has been entered for Defendant Johnson, Defendant Johnson has not sought to lift the entry of default and has answered or otherwise responded within the time allotted, HPT seeks default judgment that Defendant Johnson is liable for his misconduct as set forth in the Fourth Amended Complaint ("FAC"). Thus, HPT is entitled to judgment against Johnson for damages and injunctive relief as set forth in the FAC and detailed below.

HPT filed its Complaint on July 6, 2018. (Dkt. 1.) After initial third-party discovery revealed that certain actions were attributable to Johnson, HPT filed its First Amended Complaint on November 21, 2018, which named Johnson as a defendant and identified him as the previously-labeled JOHN DOE 1. (*See* Dkt. 24.) After additional third-party discovery and

various revisions to the pleadings, the FAC was filed on April 18, 2019. (Dkt. 42) A summons was issued by the Court on April 19, 2019, which was served on Johnson along with a copy of the FAC by hand-delivery to an adult residing at his residence on May 1, 2019. (*See* Dkt. 49 & 49-1.) As a result, Johnson's answer or Rule 12 response to the FAC was due on or by May 22, 2019. *See* Fed. R. Civ. P. 15(a)(3). Johnson did not respond, still has not responded, and did not enter and has not entered any appearance either *pro se* or by counsel. Accordingly, HPT moved for entry of default for Johnson pursuant to Federal Rule 55(a) on July 9, 2019 (Dkt. 62), which the Court entered on July 18, 2019 (Dkt. 69).

As far as can be determined, Defendant Johnson is not in active duty military service. Jacobson Decl. at ¶ 5; *see* 50 U.S.C. § 3931. Thus, default having been entered, and no other non-Doe defendants remaining in this case, HPT thus seeks entry of default judgment against Johnson pursuant to the FAC as set forth in greater detail below.

I. **STATEMENT OF FACTS**

Plaintiff, HP Tuners, LLC ("HPT"), is a Nevada LLC having its principal place of business in Buffalo Grove, Illinois. (FAC ¶ 6.) Defendant Devin Johnson ("Defendant" or "Johnson"), is an individual, identified in the initial pleadings as JOHN DOE 1, who, upon information and belief, previously resided at 3033 Gateway Street, Apt. 109, Springfield, Oregon, 97477 (*id.* at ¶ 7), and presently resides at 348 S. 43rd St., Springfield, Oregon, 97478. (*See* Dkt. 49 & 49-1.) Johnson is the user of an email address associated with various misconduct relating to certain allegations set forth in the FAC. (*See* FAC at ¶¶ 7, 53, 71–78, 80–82.)

Johnson circumvented HPT's technological measures that effectively controlled access to HPT's copyrighted software and licenses in violation of the DMCA, 17 U.S.C. § 1201(a)(1)(A),

without HPT's authorization. (FAC ¶¶ 36–57, 71–90). Although Johnson's refusal to participate in this case has deprived HPT of the ability to determine the full extent of his circumventions, third-party discovery in this case and HPT's own limited investigations have made HPT aware of what it believes to be no fewer than 60 acts of circumvention as defined in the DMCA. (*Id.* at ¶ 53; *see* Soltan Decl. ¶ 4.) These include cracking HPT's software to defeat licensing, and offering for sale and providing such cracked software. (FAC ¶ 53.) HPT believes that the number of circumventions by Defendant Johnson is substantially higher than what its investigation has revealed. (Soltan Decl. ¶ 4.) These circumventions have unjustly enriched Johnson, and have caused HPT to suffer substantial injuries, loss and damage to its business and goodwill, and irreparable harm that cannot be fully measured in or compensated by economic damages. (FAC ¶¶ 88–90.)

Johnson also knowingly and with intent to defraud, improperly engineered and/or hacked HPT's software, systems, and source code to remove licensing restrictions from HPT's VCM Suite Software to use and/or distribute it for his own profit, by selling and/or using hacked or cracked software with HPT's licensing defeated. (FAC ¶¶ 91–92, 94.) This fraudulent activity has diverted profits and revenues away from HPT and to Johnson, causing substantial injuries to HPT, loss and damage to its business and goodwill, and irreparably harmed HPT in a manner and amount that cannot be fully measured or compensated economically. (FAC ¶¶ 91, 96, 100–01.) Johnson then solicited HPT's existing and potential customers to purchase versions of HPT's software with licensing defeated. (*Id.* ¶¶ 135–36.) No fewer than 23 such customers have not purchased software or licenses from HPT since acquiring hacked or cracked versions from Johnson. (Soltan Decl. ¶ 6.) This has caused both economic damages and irreparably harmed

HPT's business in such a way that there is no adequate remedy at law. (FAC ¶¶ 136–37; *see id.* at ¶¶ 121–22.)

II. **LAW AND ARGUMENT**

Federal Rule of Civil Procedure 55(b)(2) provides in relevant part as follows:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the trust of any allegation by evidence; or (D) investigate any other matter.

Accordingly, HPT sets forth its entitlement to damages for the various counts of the FAC, as well as the other relief requested therein, relating to the actions of Defendant Johnson.

  A. **Damages for DMCA Circumvention**

17 U.S.C. § 1203(c)(3) provides as follows:

> (3) Statutory damages.—(A)At any time before final judgment is entered, a complaining party may elect to recover an award of statutory damages for each violation of section 1201 in the sum of not less than $200 or more than $2,500 per act of circumvention, device, product, component, offer, or performance of service, as the court considers just.

Each of Johnson's acquisitions, offers, sales, advertisements, and/or provisions of cracked or hacked HPT software or cracking HPT's software or components thereof constitute a violation of one or more of 17 U.S.C. § 1201(a)(1)(A), 1201(a)(1)(A)–(C), and 1201(b)(2)(A)–(C) by circumventing HPT's technological measures and/or offering, providing, or trafficking in cracked or hacked software.

  HPT hereby elects to recover an award of statutory damages for each of Johnson's violations of 17 U.S.C. § 1201 in lieu of actual damages. 17 U.S.C. § 1203(c)(3)(A). As stated

4

above, HPT's limited investigation has identified what it believes to be no fewer than 60 such acts of circumvention by Johnson, but it believes that Johnson undertook substantially more such acts of circumvention of which it is not aware due to the inability to obtain discovery from a defaulted defendant such as Johnson. (Soltan Decl. ¶ 4.)

Accordingly, HPT requests that the Court award it statutory damages as the court considers just, but in any amount no less than $2500 for each of the 60 acts of circumvention that HPT reasonably believes to have definitively occurred, for a total of no less than $150,000 in statutory damages for Count I of the FAC.

  **B.**  **Damages for Unfair Competition and Tortious Interference**

The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, *et seq*., provides, in relevant part, as follows:

> Sec. 10a. Action for actual damages.
>  (a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper;

815 ILCS 505/10(a). HPT has alleged that Johnson has unfairly competed with HPT by selling cracked versions of HPT software with licensing defeated. (FAC ¶¶ 119–20). HPT has also alleged that Johnson sold cracked versions of HPT software with intent to interfere with HPT's current and prospective economic relationships with its customers. (*Id*. ¶¶ 131–37.)

HPT's limited investigation has revealed that Johnson has been unjustly enriched in an amount of no less than $8825.06 from what HPT believes to encompass transactions related to or deriving from Johnson's unfair competition and tortious interference. (Soltan Decl. ¶ 5.) But the sales of hacked software by Johnson were unlikely to have been made at the same prices as HPT or even slightly below; rather, Johnson likely offered such software at far less than HPT would

5

have charged. (*See id.*). Thus, while it is unclear exactly what Johnson sold and for how much, HPT believes that its actual losses just from those transactions that it has been able to identify is higher. (*See id.*)

As a direct and proximate result of Johnson's intentional and deliberate interference with HPT's relationships and his unfair competition with HPT by providing cracked HPT software, HPT believes that it has also lost past and future ongoing economic transactions with no fewer than 23 of its former customers. (*See* Soltan Decl. at ¶ 6.) One such former customer was a particularly valuable relationship, the diversion of which HPT reasonably estimates to cost $25,200 over the lifetime of that relationship. (*See id.* ¶ 7.) HPT reasonably estimates the average value of the "lifetime losses" of the other 22 diverted economic relationships at $2000 each, for a total of $44,000. (*See id.* ¶ 8.)

In sum, HPT requests a total of no less than $69,200 in actual damages from Johnson's misconduct as set forth in the FAC relating to its Unfair Competition and Tortious Interference claims.

## C. Costs and Attorney Fees

The DMCA provides, in relevant part.

(b) Powers of the Court.—In an action brought under subsection (a), the court— . . .
> (4) in its discretion may allow the recovery of costs by or against any party other than the United States or an officer thereof;
> (5) in its discretion may award reasonable attorney's fees to the prevailing party;

17 U.S.C. § 1203(b). Similarly, the Court can award costs and fees against Johnson for his unfair competition in selling cracked versions of HPT software. *See* 815 ILCS 505/10a(c). HPT is a prevailing party, given Johnson's default. Thus, the Court may award HPT its reasonable costs and fees related to this action, and accordingly, HPT has requested an award of its costs and

6

expenses, including reasonable attorney's fees as provided for by statute. (FAC at 25, Prayer for Relief ¶ 14.)

At present, HPT cannot provide a full computation of its costs and reasonable attorney fees because this case remains ongoing against Johnson. At a high level, HPT expects that it will seek full reimbursement for all costs (e.g., service of the FAC) and attorney fees for activity solely attributable to Johnson (entry of default, default judgment, and related hearings), and roughly 25% of litigation costs and expenses that apply to this case as a whole but are not attributable to one or more other defendants (i.e., excluding the dismissals of other Defendants). Pursuant to L.R. 54.3[1] and Fed. R. Civ. P. 54(d)(2)(B), HPT will provide a computation of its costs and attorney fees within 14 days of entry of judgment or by any other such deadline that the Court may set.

### D. Pre- and Post-Judgment Interest

In the FAC, HPT requested award of pre- and post-judgment interest. (FAC at 24, Prayer for Relief ¶ 8.) HPT respectfully reiterates its request that the Court award pre-judgment interest dating from the first instance of misconduct attributable to Johnson that it has been able to identify—August 30, 2017. (Soltan Decl. ¶ 4) HPT also respectfully reiterates its request for post-judgment interest on any money judgment awarded by this Court pursuant to 28 U.S.C. § 1961.

### E. Injunctive Relief

Multiple provisions of law permit this court to grant HPT's requested injunctive relief: 17 U.S.C. § 1203(b)(1) allows this Court to grant injunctive relief against Johnson on terms it deems

---

[1] Given Johnson's default in this case and lack of appearance, as well as the binding provisions of Section 9 of the EULA regarding such costs and fees, HPT respectfully requests that the Court exempt it from the meet-and-confer requirements of L.R. 54.3(d)–(e) and instead permit HPT to submit the fee and expense information required under L.R. 54.3(e)(1) without the involvement of the defaulted defendant Johnson.

reasonable to prevent or restrain violations of the DMCA, including further acts of circumvention. In cases involving infringement of intellectual property, "there is a presumption of irreparable harm to the plaintiff." *See, e.g.*, *Vendavo, Inc. v. Long*, 397 F. Supp. 3d 1115, 1143 (N.D. Ill. 2019) (cleaned up). This requirement "tend[s] to merge" with the requirement of no adequate remedy at law, which is established by the ongoing use of wrongfully-acquired intellectual property. *See, e.g.*, *id.* at 1143–44 (cleaned up).

In view of the allegations in the FAC (*e.g.*, ¶¶ 89–90, 120, 136–37), it is clear that given the balance of hardships, a remedy in equity in the form of an injunction is warranted to prevent Johnson from continuing to circumvent HPT's technological measures that control access to its copyrighted software and licenses, and unfairly competing with HPT and interfering with its economic relationships by unlawfully offering and providing cracked HPT software. *See, e.g.*, *Vendavo*, 397 F. Supp. 3d at 1145 ("[W]here the injunctive relief sought primarily focuses on prohibiting a defendant from using information he should not have taken in the first place, the balance of harms weighs heavily in favor of granting an injunction."). Any harm to Johnson from having to restrain from unlawful activity would be minimal. It is likewise well-established that the public interest would be served by enjoining Johnson from cracking and offering and/or distributing cracked HPT software and upholding intellectual property protections as set forth in the DMCA. *See, e.g.*, *In re Aimster Copyright Litig.*, 252 F. Supp. 2d 634, 665 (N.D. Ill. 2002) ("[T]he public interest is served by upholding copyright protections against those who would seek to misappropriate protected works.")

Accordingly, HPT respectfully requests that this Court enter a permanent injunction against Johnson, pursuant to Fed. R. Civ. P. 65(d). A proposed injunction will be filed with the Court contemporaneously with this Motion in compliance with Judge Seeger's Case Procedures.

### III. CONCLUSION

For all of the foregoing reasons, the Court should enter a default judgment against Defendant Devin Johnson as set forth above, and award damages no less than those computed as follows:

- $150,000 in statutory damages for 60 acts of circumvention under the DMCA;

- $69,200 in losses attributable to Johnson's unfair competition and/or tortious interference with HPT's current and prospective economic relationships;

- Reasonable attorney fees and costs attributable to Johnson; and

- Pre- and post-judgment interest on any monetary award.

The Court should also enter a permanent injunction prohibiting Johnson from cracking HPT software, offering it for sale, and using such cracked software to unfairly compete with HPT and interfere with and/or divert HPT's economic relationships, for the reasons set forth above. A proposed injunction order will be provided contemporaneously pursuant to Judge Seeger's Case Procedures.

Dated this February 11, 2020            RESPECTFULLY SUBMITTED,

**HP TUNERS, LLC**

By: /s/ Lowell D. Jacobson
Kal K. Shah
Lowell D. Jacobson
Trevor J. Illes
BENESCH FRIEDLANDER COPLAN &
 ARONOFF, LLP
71 South Wacker Dr., Suite 1600
Chicago, Illinois 60606
P: 312.212.4949
F: 312.767.9192
kshah@beneschlaw.com
ljacobson@beneschlaw.com
tilles@beneschlaw.com


Andrew P. Bleiman
MARKS & KLEIN
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
P: 312.206.5162
andrew@marksklein.com

*Attorneys for HP Tuners, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2020, a copy of ***MOTION FOR DEFAULT JUDGMENT OF PLAINTIFF HP TUNERS, LLC AGAINST DEFENDANT DEVIN JOHNSON*** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system.

The foregoing document and all exhibits will be served on the following party via U.S. Mail:

> Devin Johnson
> 348 S. 43rd Street
> Springfield, Oregon 97478

An additional Proof of Service will be filed on the docket once the service on Johnson via U.S. Mail is confirmed.

*/s/ Lowell D. Jacobson*