UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, ) ) ) | |
| Plaintiff, ) | Civil Action No. 1:18-cv-04670 |
| ) v. ) | Hon. Steven C. Seeger |
| ) DEVIN JOHNSON, et al., ) | Magistrate Judge M. David Weisman |
| ) Defendants. ) | |

**PERMANENT INJUNCTION AGAINST DEFENDANT DEVIN JOHNSON**

This Court granted Plaintiff's Motion for Entry of Default Against Defendant Devin Johnson under Rule 55(a) on July 18, 2019. *See* Dkt. Nos. 62, 69. Plaintiff later filed a Motion for Default Judgment Against Defendant Devin Johnson under Rule 55(b) on February 11, 2020, which this Court granted on March 2, 2020. *See* Dkt. Nos. 98, 103. As a result of Johnson's failure to respond to the Complaint, and the entry of default and default judgment, the factual allegations are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

Plaintiff's Fourth Amended Complaint (Dkt. No. 42) and Motion for Entry of Default Judgment (Dkt. No. 98) requested injunctive relief against Defendant Johnson. For the reasons set forth below, entry of limited injunctive relief against Johnson is warranted.

In particular, Plaintiff has alleged irreparable harm from Johnson's circumvention of technological measures to protect its copyrighted software, and further from Johnson's use of such "cracked" software to unfairly compete with HPT and divert HPT's actual and prospective customer relationships. (*See* Dkt. 98 at 8–9; Fourth Amended Complaint, ¶¶ 89–90, 120, 136–

137). Johnson having defaulted, and default judgment having been entered, there is nothing before the Court to dispute these allegations, which are taken as true. Fed. R. Civ. P. 8(b)(6). Moreover, in cases involving infringement of intellectual property, "there is a presumption of irreparable harm to the plaintiff." *See, e.g.*, *Vendavo, Inc. v. Long*, 397 F. Supp. 3d 1115, 1143 (N.D. Ill. 2019) (cleaned up). This requirement "tend[s] to merge" with the requirement of no adequate remedy at law, which is established by Johnson's ongoing ability to use and provide the cracked HPT software in violation of the DMCA, 17 U.S.C. § 1201(a)(1)(A), (a)(2)(A)–(C), & (b)(2)(A)–(C). *See, e.g.*, *id.* at 1143–44 (cleaned up).

Likewise, the balance of hardships warrants an equitable remedy in the form of an injunction to prevent Johnson from continuing to circumvent HPT's copyright protection technology that controls access to its copyrighted software, unfairly competing with HPT and interfering with its economic relationships by unlawfully offering and providing cracked HPT software. "[W]here the injunctive relief sought primarily focuses on prohibiting a defendant from using information he should not have taken in the first place, the balance of harms weighs heavily in favor of granting an injunction." *Vendavo*, 397 F. Supp. at 1145. Conversely, there can be no more than minimal harm to Johnson in being restrained from doing what the law already prohibits.

Finally, the public interest would be well-served by enjoining Johnson from cracking HPT software and offering and/or providing such cracked software. In these sorts of cases, it is well-established that "the public interest is served by upholding copyright protections against those who would seek to misappropriate protected works." *In re Aimster Copyright Litig.*, 252 F. Supp. 2d 634, 665 (N.D. Ill. 2002).

In sum, in view of the record before the Court, all of the factors to be considered in assessing the propriety of injunctive relief favor granting an injunction against Johnson to prevent him from continuing to engage in circumvention of HPT's copyright protection measures, and his subsequent use and distribution of cracked HPT software to HPT's detriment.

In view of the foregoing, the Court hereby GRANTS Plaintiff's request for injunctive relief. Thus, it is ORDERED that Defendant Devin Johnson shall not, directly or indirectly, alone or in concert with others:

- Hack or crack any HPT software;

- Provide any information, make available, or otherwise explain to any person or third party regarding how HPT software can be hacked or cracked;

- Copy, maintain, or store any hacked or cracked HPT software;

- Provide any information, assistance, or other explanation to any person or third party regarding where or how hacked or cracked HPT software can be acquired;

- Receive, transmit, download, upload, share, or otherwise participate in the dissemination of any hacked or cracked HPT software;

- Use any hacked or cracked HPT software;

- Advertise, offer for sale, sell, or otherwise provide or distribute any such hacked or cracked HPT software;

- Or assist others in any of the above.

IT IS SO ORDERED.

Date: March 10, 2020

Steven C. Seeger
United States District Judge